IN THE MATTER OF A PETITION OF THE MICHIGAN STATE HIGHWAY COMMISSION FOR CONDEMNATION

1. ADMINISTRATIVE LAW—STATE HIGHWAY COMMISSION—CONSTITUTIONAL LAW—STATUTES—DELEGATION OF DUTY.

    The State Highway Commission was created by the state constitution and was given its present administrative form by statute which allows certain rights and duties of the commission to be delegated to an appointed State Highway Director or his subordinates (Const 1963, art 5, § 28; PA 1964, No 286).

2. ADMINISTRATIVE LAW—DELEGATION OF DUTY—STATE HIGHWAY COMMISSION—CONSTITUTIONAL LAW—STATUTES—HIGHWAYS—CONDEMNATION—ABUSE OF DISCRETION.

    The appointed director of an administrative agency, such as the State Highway Director, may properly delegate certain of his duties to a subordinate; therefore where the State Highway Commissioner, with the aid of his subordinates, as required and authorized by state constitution and statute, determined that it was necessary to condemn private property for construction of a highway, there was no illegal delegation of power and no abuse of discretion (Const 1963, art 5, § 28; PA 1964, No 286).

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 February 5, 1970, at Lansing.

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 3–15.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 32, 207.

(Docket No. 6,691.)   Decided April 27, 1970.   Leave to appeal denied November 24, 1970.   384 Mich 780.

Petition by the Attorney General, on behalf of the Michigan State Highway Commission, to condemn private property.   Objection by Alco Universal, Inc., to the taking of its property.   Objection to the taking denied.   Alco Universal, Inc., appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso,* Assistant Attorney General, and *Bruce S. King,* Special Assistant Attorney General, for Michigan State Highway Commission.

*Sinas, Dramis, Brake & Turner* (*Lester N. Turner,* of counsel), for Alco Universal, Inc.

Before:  Lesinski, C. J., and McGregor and V. J. Brennan, JJ.

McGregor, J.   This Court is asked whether it is consonant with Act 295, Public Acts of 1966, and the Michigan Constitution for the State Highway Commission to delegate its authority to condemn private property, together with the right to make a determination of necessity, to the state highway director.

In September, 1968, a petition was filed for the condemnation of private property.   Pleadings filed on behalf of the Michigan State Highway Commission included an order for hearing, notice of taking, and a statement of necessity.   The statement of necessity, identified as exhibit A, provided that the Michigan State Highway Commission "hereby declares and determines that it is necessary to relocate, establish and open highway US–127 in and through the cities of Lansing and East Lansing and Lansing

Township, Ingham County, Michigan." The statement of necessity was signed "Michigan State Highway Commission, by Henrik E. Stafseth, State Highway Director."

It should be noted that the petition for condemnation was filed on behalf of the Michigan State Highway Commission by the Attorney General; further, that the declaration of taking, identified as exhibit B, was filed on behalf of the Michigan State Highway Commission by Henrik E. Stafseth, State Highway Director.

Appellant filed an objection to taking, seeking a review of the necessity of the taking, claiming that it was being done in an arbitrary manner and was an abuse of discretion* without alleging any facts to support such conclusions.

Petitioner filed a motion for partial summary judgment as to the question of necessity in October, 1968. At a hearing in November, 1968, on the motion and the objection to the taking, a certification of the Secretary of State attested to the fact that the State Highway Commission had appointed Henrik E. Stafseth as the highway director and that the commission had, in fact, delegated to the highway director all the powers, authorities and responsibilities of the highway commission. At the hearing, two exhibits were admitted: the first being the declaration of taking, statement of necessity and description of the parcel in question; the second consisted of a picture of US–127 through the area where the involved parcel lay. The only testimony at the

---

* The entire objection to taking reads:
"Now comes Alco Universal, Inc., by its attorney, Lester N. Turner of Sinas, Dramis, Brake and Turner, and hereby object to the taking of the portion of their property on the grounds that the taking, as described in said petition, is an abuse of discretion and said taking is being done in an arbitrary manner." Signed by Lester N. Turner, of Sinas, Dramis, Brake and Turner, Attorneys for Alco Universal, Inc.

hearing was given by Henrik E. Stafseth, Michigan State Highway Director, who stated that he signed the statement of necessity and the declaration of taking, and that he was aware of the statements made in those documents pertaining to the property in question. He further described the general nature of the project for which this parcel is needed, that he had been out personally to inspect the parcel, and that he had looked at the general route of the project.

The circuit judge denied the objection to the taking and respondent Alco Universal has appealed from that decision.

On appeal, respondent contends that PA 1966, No 295 (MCLA § 213.361 et seq.; Stat Ann 1970 Cum Supp § 8.261 et seq.) which provides a method for the public condemnation of private property, does not permit the State Highway Commission to delegate to the State Highway Director the authority to make a determination of necessity for condemnation purposes.

The State Highway Commission was created under Const 1963, art 5, § 28, and was given its present administrative form by PA 1964, No 286 (MCLA § 247.801 et seq.; Stat Ann 1970 Cum Supp § 9.216 (1) et seq.). By statute, certain rights and duties are delegated to an appointed State Highway Director or to his subordinates. The appointed director of an administrative agency such as this may properly delegate certain of his duties to an appropriate subordinate.

The determination of necessity for taking here was properly made by the State Highway Commission through its director, with the aid of his subordinates, as required and authorized by the Constitution of Michigan, PA 1964, No 286, and PA 1966,

No 295. There was no illegal delegation of power and no abuse of discretion in these acts, and no error in the holding of the lower court.

Affirmed.

All concurred.